# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMIE LEE VILLARREAL, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:13-CV-1077 PS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Jamie Lee Villarreal was a prisoner at the Westville Correctional Facility when he was found guilty of possessing altered property in violation of Class B Offense Number 228 (B-228) of the Disciplinary Code for Adult Offenders applicable to Westville prisoners. Because a guard found a sharpened piece of metal in the heat vent by his bed, the Disciplinary Hearing Body (DHB) deprived him of 30 days earned credit time. Villarreal argues that because the shank was not found on him or in his personal property and because his cell mate confessed that it was his, there is not sufficient evidence to have found him guilty.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). Here, the shank was discovered

in a vent that was accessible by Villarreal and his cell mate. DE 1 at 2. Villarreal argued

that the vent was also accessible from one other cell as well. DE 4-4 at 1. Therefore,

perhaps four inmates could have possessed it. However, in a similar case, the Seventh

Circuit upheld a finding of guilt where a weapon was discovered in an area controlled

by four inmates because there was a twenty-five percent chance of guilt. *Hamilton v.

O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992).

At the time of the hearing, Villarreal told the hearing officer that he did not

intend to call any witnesses. DE 4-2. Yet in this court Villarreal has presented an

affidavit from his cell mate in which he claims to have been the owner of the weapon.

DE 1-1. Let's set to the side for the moment the procedural irregularity of presenting

new evidence to me in a habeas corpus proceeding, even if I were to consider the

affidavit, it gets Villarreal nowhere. Merely because his cell mate confessed and was

found guilty of possessing the shank does not mean that Villarreal did not have shared

possession of it. Though it is possible the shank belonged solely to the cell mate, "[t]he

Federal Constitution does not require evidence that logically precludes any conclusion

but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457

(1985). The DHB believed that Villarreal had some possessory interest in the shank, and

I cannot re-weigh evidence presented during prison disciplinary hearings. *See

McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

For the foregoing reasons, the habeas corpus petition is **DENIED**.

**SO ORDERED**.

ENTERED: December 12, 2014

s/Philip P. Simon
Chief Judge
United States District Court